UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM OSCAR HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | Case No. 1:14-cv-1004-JMS-DML |
| | ) | |
| LEANNE LARIVA, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Habeas petitioner William Oscar Harris was directed to supplement his habeas petition. Rather than complying, Harris has evaded those directions, most recently by ignoring the court's directions and prior to that in his filing of November 25, 2014. In that filing, Harris states that the Court should not concern itself with the merits of his habeas claims. This was an unsatisfactory state for the case to be put in by the person who framed and filed the habeas petition. Harris was thus given "through January 15, 2015 in which to comply with the order of November 10, 2014 ('He shall do this by explaining whether and how, and in what fashion, it has been documented that the sanctions imposed in the disciplinary proceeding described in the habeas petition have resulted in the delay of his anticipated release')" and was notified that if he failed to do so "the action may be dismissed pursuant to Rule 41(b) without further notice to the parties."

Rule 41(b) of the *Federal Rules of Civil Procedure* provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b). "This authority [under Rule 41(b)] flows from

the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985)(citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629 (1962)).

The petitioner has been alerted to the existence of the Court's authority to consider involuntary dismissal pursuant to Rule 41(b) and that dismissal could follow if he failed to comply with the most recent directions that he supplement his habeas petition. The supplement which he has been urged to file would reveal whether he suffered the imposition of "custody" such as will impact the fact or the anticipated duration of his confinement.

Dismissal for failure to prosecute is appropriate "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren,* 332 F.3d 462, 467 (7th Cir. 2003) (internal quotation marks and citation omitted). The petitioner was given an explicit warning. He has not complied, over a period of months, with orders that he demonstrate the jurisdictional element of being "in custody" as a result of the challenged proceeding sufficient to support his prayer for habeas relief. Further investment of the Court's time and attention in this matter is not warranted because the petitioner is willing to litigate solely on his terms and because only continued disobedience of the Court's orders can be expected.

This action is therefore dismissed pursuant to Rule 41(b) for failure to prosecute. The dismissal shall be with prejudice.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: <u>January 26, 2015</u>

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

WILLIAM OSCAR HARRIS
40743050
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808