UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM OSCAR HARRIS, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 1:14-cv-1004-JMS-DML |
| LEANNE LARIVA, | ) |
| Respondent. | ) |

# **E N T R Y**

This action for habeas corpus relief brought by a federal prisoner confined in the Southern District of Indiana was dismissed on January 26, 2015 as a sanction for the petitioner's repeated refusal to supplement his habeas petition as he had been directed.

The petitioner has filed a motion to alter or amend judgment, which was received by the clerk and filed on February 10, 2015. Based on its timing and content, this motion is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. *See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time frame contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'"

*Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)).

There was in this case no manifest error of law or fact. The petitioner surmises that the document appended to his post-judgment motion was not previously received and considered. Even if true, however, the petitioner fails to recognize that he did not follow the court's instructions to supplement his habeas petition and that the document to which he refers only invites what has been aptly characterized as "gibberish." *See Neal v. LaRiva,* 765 F.3d 788, 789-90 (7th Cir. 2014)("Robert Neal seems unable to resist dishonesty. . . . In spite of the fact that he had initiated the court case, Neal moved three times to stay proceedings in the district court and compel arbitration. In support of those motions, he submitted a purported arbitration agreement, supposedly executed by a representative of the federal Bureau of Prisons and himself, under his assumed name, David J. Nelson. Neal asserted that both he and the Bureau of Prisons are bound by this 'agreement,' that it covers his claim for relief under section 2241, and that it must be enforced pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–16. Even the most cursory look at this document, however, reveals it to be bogus. It begins with the following language: 'Acknowledgement of Inclusion as a New Debtor, Uniform Commercial Code (UCC) §§ 9–102(a)(56) and 9–203(d)(1) and (2) and (e)(1).' To say the least, those provisions of the UCC have nothing to do with activities in the federal prisons. The rest of the 'agreement' is similar gibberish. The district court chose not to dwell on the details of this motion; it simply observed that Neal's motion to stay had no valid basis and denied it."). Accordingly, the motion to alter or amend judgment [dkt 20] is denied.

IT IS SO ORDERED.

Date: 02/17/2015

*Signature*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

WILLIAM OSCAR HARRIS
40743050
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808